
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY A. FRANCIS, | No. 14-73123 |
| Petitioner, | Agency No. A205-491-015 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2018
Seattle, Washington

Before: TASHIMA and GRABER, Circuit Judges, and MIHM,** District Judge.

Timothy A. Francis, a native and citizen of Singapore, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying asylum, withholding of removal, and

Convention Against Torture ("CAT") relief. Our jurisdiction is governed by 8

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael M. Mihm, United States District Judge for the
Central District of Illinois, sitting by designation.

U.S.C. § 1252. We review de novo questions of law and for substantial evidence the agency's factual findings. Zetino v. Holder, 622 F.3d 1007, 1011–12 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Petitioner has exhausted all administrative remedies, as the merits of his case were heard before both the BIA and the IJ. Abebe v. Gonzales, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc).

We lack jurisdiction to consider Petitioner's request to review the BIA's determination that his asylum claim was untimely. Because the underlying facts are disputed, we lack jurisdiction to review the BIA's "extraordinary circumstances" determination. Gasparyan v. Holder, 707 F.3d 1130, 1134 (9th Cir. 2013). Therefore, review of this claim must be dismissed.

As to Petitioner's claim for withholding of removal, substantial evidence supports the BIA's finding that the record did not establish any nexus between Petitioner's beliefs on caning and a social group or political opinion. Parussimova v. Mukasey, 555 F.3d 734, 741 (9th Cir. 2009). The record supports the conclusion that any caning sentence imposed would result from Petitioner's desertion from the military. The withholding claim is therefore denied.

Substantial evidence also supports the BIA's denial of CAT relief because

Petitioner failed to show that caning—assuming, but not deciding, that it would be torture—is more likely than not to occur if he is sent back to Singapore. 8 C.F.R. § 208.16(c)(2); <u>Nuru v. Gonzales</u>, 404 F.3d 1207, 1216 (9th Cir. 2005). Here, to satisfy his burden of proof under CAT, Petitioner must establish that each of the following elements in a hypothetical chain of events is more likely than not to occur: 1) he would be prosecuted for desertion; 2) a military court would find him guilty; 3) his sentence would include caning; 4) the caning would be carried out.[1] The BIA permissibly concluded that he failed to do so.

Petitioner's expert opined that there was a "real possibility" or a "real likelihood" that he would be sentenced to caning, but that opinion is not enough to meet Petitioner's burden, especially since the expert could not cite any cases in which caning was imposed for an offense involving only desertion. The CAT claim is therefore denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

[1] The particulars of the caning sentence may also be relevant on review, e.g., the size and type of cane used and the number of lashes to be administered.